# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1720V

|  |  |
| --- | --- |
| MICHAEL MANTAGAS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: October 17, 2023 |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Jamica Marie Littles, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 1, 2020, Michael Mantagas filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration as a result of the influenza vaccine administered in his left deltoid on November 18, 2019. Petition, ECF No. 1. On June 14, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties. ECF No. 33.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $20,948.55 (representing $20,216.40 for fees and $732.15 for costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion") filed Aug. 16, 2023, ECF No. 38. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 2. Respondent did not file a response to Petitioner's Motion.

I note this case required additional briefing regarding the issue of damages. *See* Status Report, filed May 27, 2022, ECF No. 27 (reporting an impasse in settlement discussions); Petitioner's Brief in Support of Damages, ECF No. 28; and Petitioner's Reply Brief, ECF No. 30. Petitioner's counsel expended approximately 6.70 hours drafting the brief in support of damages; and 4.20 hours drafting the reply brief, totaling 10.90 hours. ECF No. 38 at 11. I find this amount of time to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs, Attachment to Motion at 13-19. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $20,948.55 (representing $20,216.40 for fees and $732.15 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Maximillian J. Muller.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.